```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

COREY CAMPFIELD                              CIVIL ACTION

VERSUS                                       NO. 10-1151

ROBERT C. TANNER, ET AL                      SECTION "S" (5)
```

### REPORT AND RECOMMENDATION

Plaintiff, Corey Campfield, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983 against defendants, B.B. "Sixty" Rayburn Correctional Center ("RCC") Warden Robert C. Tanner, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, and RCC employees, Major Tim Crawford, Captain Wade Rigdon, Chief Jeffrey Travis, and Counselor Gail Hayes.

Plaintiff alleges that on December 29, 2008, he pled guilty to violating a prison regulation prohibiting him from the unauthorized possession of his medication, neurotin. As a result of this infraction, the disciplinary board sentenced plaintiff to eight weeks cell confinement and transferred him to the working cell block. An additional penalty, beyond the above sentence imposed by

the disciplinary board, was imposed by Major Crawford and Captain Rigdon. Defendants Crawford and Rigdon decreed that plaintiff must provide restitution for the cost of his drug testing, even non-positive tests, for a nine-month period and they restricted him to non-contact visitation.

Plaintiff asserts that the imposition of these additional punishments by defendants Crawford and Rigdon were unlawful. First, plaintiff asserts that the drug-testing punishment was violative of La.R.S. 15:875C(1) which provides: "Restitution may be obtained by corrections services from an offender for the cost of drug testing **when the results of the test are positive**. [Emphasis added.]" Further, the punishments were unconstitutional because they were not imposed upon a finding of guilt by a disciplinary board. As such, there was no hearing held in connection with these punishments. Instead, they were arbitrarily imposed by RCC personnel. Plaintiff further complains that he was unlawfully denied his appellate rights to contest these arbitrary decisions without notice and waiver through the prison system and Louisiana state courts by operation of La.R.S. 15:1172C.[1]

---

[1] Under La.R.S 15:1172B, a prisoner has ninety (90) days from the date the injury or damage is sustained within which to seek administrative relief. Under La.R.S. 15:1172C, if a prisoner fails to timely seek administrative relief, "his claim is abandoned and any subsequent suit asserting such a claim shall be dismissed with prejudice."

In relief, plaintiff seeks to have this Court: "[d]eclare all R.C.C. policy that imposes restitution upon non-positive drug test[s] in violation of La.R.S. 15:875C(1) and order all funds that [have] been taken returned"; "[d]eclare all R.C.C. policy of administratively imposing non-contact visitation and drug test costs without notice and hearing in violation of due process and enjoin same"; and "[d]eclare the deprivation of [his] [a]ppellate rights before prison officials [and] ... [s]tate [c]ourts without notice and waiver" to be violative of due process and enjoin same. Plaintiff also seeks an award of $5,000 in compensatory damages, $10,000 in punitive damages, costs associated with this action, appointment of counsel and certification of a class.

This matter is before the Court pursuant to defendants' motion to dismiss (rec. doc. 41), plaintiff's motion for summary judgment (rec. doc. 47) and defendants' motion for summary judgment (rec. doc. 52). The Court shall commence its analysis with a discussion of the standard of review associated with a motion for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact

is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. <u>National Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion for summary judgment, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. <u>Id.</u> (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321-23 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." <u>Celotex Corp.</u>, 477 U.S. at 323.

The Court will first address defendants' motion for summary judgment based upon plaintiff's alleged failure to exhaust his administrative remedies as exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time. <u>Dillon v. Rogers</u>, 596 F.3d 260, 272 (5th Cir. 2010).

Since the enactment of 42 U.S.C. §1997e(a), exhaustion of administrative remedies is required before an inmate may proceed with suit. This statute, which was enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be

brought with respect to prison conditions under §1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Louisiana has a two-step Administrative Remedy Procedure ("ARP") for inmates which they are required to use before filing suit in district court. La.R.S. 15:1172C. The procedure provides that the inmate commences the first step of the grievance process by writing a letter ("grievance") to the warden of his institution briefly setting out the basis for his claim and the relief sought. La. Admin. Code tit. 22, Pt. I, §325(G)(1)(a). The grievance letter must be written within ninety (90) days of the alleged event. Id.; see also La.R.S. 15:1172B(1). The Warden thereafter has 40 days from the date the grievance is received to respond to it. La. Admin. Code tit. 22, Pt. I, §325(G)(1)(a).

The inmate may proceed to the second step of the ARP by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections ("DOC Secretary") if he is dissatisfied with the first step response from the Warden. La. Admin. Code tit. 22, Pt. I, §325(G)(2)(a). If the inmate does not receive a response to a first step grievance, then he is entitled to proceed to the second step of the process after the expiration of the first step

40-day response time limit. La. Admin. Code tit. 22, Pt. I, §325(G)(4)(a). If the inmate is not satisfied with the second step response, he may then file suit in the appropriate district court. La. Admin. Code tit. 22, Pt. I, §325(G)(2)(b).

Plaintiff provides, in his "Opposition to Motion to Dismiss" (rec. doc. 49, p. 1) and in his "Notice of Objections" (rec. doc. 55, p. 1)[2] that the instant action "involves a continuing tort" in that he was continually required to provide restitution for his non-positive drug testing and continually restricted to non-contact visitation for a nine-month period which ended on September 24, 2009. If the above punishments, i.e., the required restitution for non-positive drug tests and the restriction to non-contact visitation, did not end until September 24, 2009, plaintiff had ninety (90) days from then, until December 23, 2009, to timely seek administrative relief. It is undisputed that plaintiff's ARP, RCC-2010-123, pertaining to the incidents which form the basis of the

---

[2] Plaintiff represents in his "Notice of Objections" that he is challenging the "Magistrate['s] Report and Recommendation." The undersigned, however, had not issued a Report and Recommendation at the time plaintiff filed his objections. Accordingly, this Court will treat plaintiff's pleading as objections to defendants' motion for summary judgment. To the extent plaintiff, by virtue of his objections, is challenging this Court's earlier Orders (rec. docs. 13, 46) denying plaintiff's motion for a hearing and motion for appointment of counsel, along with a denial of plaintiff's request for "[c]lass-action status", said challenges may be lodged in connection with plaintiff's objections to the instant Report and Recommendation.

instant action, was not received by the Warden's office until March 29, 2010.  His ARP was rejected as untimely on March 31, 2010.[3]

In his opposition (rec. doc. 53) to defendants' motion for summary judgment, plaintiff argues that holding him to the 90-day prescriptive period for timely seeking administrative relief constitutes a denial of his right to due process.  Plaintiff contends that as soon as he was made aware of the fact that his rights had been violated by the imposed punishments, he sought administrative relief.  By determining that he has failed to exhaust his administrative remedies by virtue of the untimeliness of his March, 2010 ARP, plaintiff asserts that he will unconstitutionally be barred from seeking relief from this Court.

This same argument was raised before and rejected by the Supreme Court in Woodford v. Ngo, 548 U.S. 81 (2006).  In Woodford, plaintiff was serving a life sentence in the California prison system and was placed in administrative lockdown "for allegedly engaging in 'inappropriate activity' in the prison chapel." Id. at 86.  Two months later, plaintiff was returned to the general prison population, but "claims he was prohibited from participating in 'special programs,' including a variety of religious activities." Id.  Approximately six months after the above restriction was

---

[3] See affidavit of Anna C. Morgan, "ARP Screening Officer" at RCC, attached to defendants' motion for summary judgment.

7

imposed, plaintiff "filed a grievance with prison officials challenging that action." Id. at 87. Plaintiff's grievance was rejected as untimely.

Plaintiff unsuccessfully appealed the above decision within the prison grievance system and then sued prison officials in federal district court pursuant to 42 U.S.C. §1983. The district court granted defendants' motion to dismiss because plaintiff had not exhausted his administrative remedies as required by §1997e(a).

The Ninth Circuit Court of Appeals reversed, determining that plaintiff "had exhausted administrative remedies simply because no such remedies remained available to him." Id. (citation omitted). The Supreme Court, however, reversed the Ninth Circuit.

Justice Alito, writing for the Court, determined that §1997e(a) should be strictly interpreted and, as such, a prisoner's failure to properly exhaust his administrative remedies by failing to comply with procedural requirements, including timeliness requirements, precluded him from seeking relief under §1983 in federal district court. Specifically, the Court reasoned:

> While requiring proper exhaustion serves the purposes of the PLRA, [the Ninth Circuit's] interpretation of §1997e(a) would make the PLRA exhaustion scheme wholly ineffective. The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does

8

> not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under [the Ninth Circuit's] interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time.  If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court.  And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds.  We are confident that the PLRA did not create such a toothless scheme.

Id. at 95.  See also Tyson v. Tanner, 2011 WL 976488, *7 (E.D.La. Feb. 25, 2011) (Roby, MJ.), adopted, 2011 WL 939234 (E.D.La. March 15, 2011) (Africk, J.) (dismissal of §1983 action without prejudice for failure to exhaust administrative remedies appropriate where plaintiff failed to comply with procedural requirement, specifically, the time limitation, associated with RCC's administrative grievance procedure).

Additionally, plaintiff cannot escape the exhaustion requirement of §1997e(a) by virtue of his claim that he did not know he had suffered a violation of his rights within the 90-day time period for properly seeking administrative relief.  The Fifth Circuit has made clear that "ignorance of the law" does not relieve a prisoner from his obligation to properly exhaust his administrative remedies.  Plaisance v. Cain, 374 Fed.Appx. 560, 561

(5th Cir. 2010) (per curiam) (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)).

Plaintiff also argues that the State waived its failure to exhaust defense because the State did not raise the defense in its motion to dismiss (rec. doc. 41).[4] Instead, defendants raised the exhaustion defense later, in their opposition (rec. doc. 50) to plaintiff's motion for summary judgment and in their motion for summary judgment (rec. doc. 52).

"[F]ailure to exhaust is an affirmative defense under the PLRA...." Jones v. Bock, 549 U.S. 199, 216 (2007). An affirmative defense must be raised in a defendant's initial responsive pleading. United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1307 (5th Cir. 1987).[5]

Failure to comply with the above rule "'usually results in a waiver'" of the affirmative defense. Arismendez v. Nightingale Home Health Care, Inc., 493 F.3d 602, 610 (5th Cir. 2007) (quoting

---

[4]The motion to dismiss was the first pleading filed by defendants in this action. No answer was filed on behalf of defendants.

[5]Because defendants, in their motion to dismiss (rec. doc. 41), addressed the substance of plaintiff's claims, arguing that said claims were prescribed, defendants' motion to dismiss was a responsive pleading. See Coker v. Dallas County Jail, 2009 WL 1953038, *13 (N.D. Tex. Feb. 25, 2009) (Ramirez, MJ.), adopted as modified on different grounds, 2009 WL 1953037 (N.D. Tex. July 6, 2009 (Lynn, J.) (defendants' motion to dismiss setting forth statute of limitations affirmative defense, along with immunity affirmative defense, was a responsive pleading).

Lucas v. United States, 807 F.2d 414, 417 (5th Cir. 1986)); see also Stanley v. Trinchard, 2010 WL 3168113, *6 (E.D. La. Aug. 9, 2010) (Africk, J.)(same); Coker, 2009 WL 1953038 at 13 ("[a]s a general rule," failure to set forth affirmative defense in responsive pleading results in waiver); Giles v. General Elec. Co., 245 F.3d 474, 491-492 (5th Cir. 2001) (quoting Allied Chemical Corp. V. Mackay, 695 F.2d 854, 855 (5th Cir. 1983) (failure to raise affirmative defense in first responsive pleading "'generally results in waiver'".)

An exception, however, to the above general rule arises, i.e., the affirmative defense is not waived, "if it is raised at a 'pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" Arimendez, 493 F.3d at 610 (quoting Lucas, 807 F.2d at 418) (additional quotation omitted); see also Stanley, 2010 WL 3168113 at *6 (same); Williams v. Allstate Indemnity Company, 2009 WL 723526, *2 (E.D. La. March 19, 2009) (Feldman, J.) (same).

The Court finds that the defendants herein have not waived their affirmative exhaustion defense.  Said defense was raised at a "pragmatically sufficient time" as this matter has not even been set for trial.  See Coker, 2009 WL 723526 at *14 (fact that no trial date had been set was noted by court in determining that defendant had not waived affirmative defense); Williams, 2009 WL

11

723526 at *4 (plaintiff received sufficient notice of affirmative defense as defendant filed motion raising defense two months prior to trial).

Additionally, plaintiff has failed to show how he was prejudiced by the fact that the exhaustion defense was not raised in defendants' initial motion to dismiss, but rather, in a pleading filed approximately two months later.[6]  Clearly, plaintiff's ability to respond was not stifled as plaintiff has filed two memoranda (rec. docs. 56 and 57) in opposition to defendants' exhaustion defense.  See <u>Arismendez</u>, 493 F.3d at 611 (where defendant raised affirmative defense in pretrial order and plaintiff failed to show how he was prejudiced by delay in raising defense, district court properly ruled that defendant had not waived defense); <u>Williams</u>, 2009 WL 723526 at *4 (fact that plaintiff responded "twice" to affirmative defense was noted by court in determining that defendant had waived said defense). Accordingly;

---

[6]Defendants filed their motion to dismiss (rec. doc. 41) on March 22, 2011.  Defendants filed their opposition (rec. doc. 50) to plaintiff's motion for summary judgment, the pleading in which defendants first raise their exhaustion defense, on May 20, 2011. Defendants' motion for summary judgment (rec. doc. 52), in which defendants reiterated their exhaustion defense, was filed shortly thereafter, on June 1, 2011.

**RECOMMENDATION**

It is hereby **RECOMMENDED** that defendants' motion for summary judgment (rec. doc. 52) be **GRANTED**, and that, for the above reasons, plaintiff's claims against defendants be **DISMISSED WITHOUT PREJUDICE** due to plaintiff's failure to exhaust his administrative remedies as required under 42 U.S.C. §1997e.

It is further **RECOMMENDED** that defendants' motion to dismiss (rec. doc. 41) and plaintiff's motion for summary judgment (rec. doc. 47) be **DENIED AS MOOT.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  16th  day of ___August___, 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE